UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00404

**Mark Clifton Bradford,**
*Plaintiff,*

v.

**Nathaniel Christopher Kummerfeld,**
*Defendant.*

# ORDER

Plaintiff Mark Clifton Bradford, proceeding pro se, filed this complaint alleging deprivations of his constitutional rights. Doc. 1. The case was referred to a magistrate judge. Doc. 3.

The magistrate judge issued a report and recommendation, which concluded that the lawsuit should be dismissed with prejudice for failure to state a claim. Doc. 4 at 11. The report noted plaintiff's previous lawsuit raised essentially the same claims; thus, this case is barred by res judicata. *Id.* at 5. The report further explained that (1) plaintiff failed to properly plead a *Bivens* claim, (2) the *Heck* doctrine bars plaintiff's challenge to his conviction, (3) defendant has prosecutorial immunity from damages liability, and (4) every court that has considered plaintiff's legal theories has rejected them as nonsensical. *Id.* at 6–8. Plaintiff timely objected. Doc. 5.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Plaintiff sued defendant for prosecuting him on wire fraud charges. Doc. 1; *see also* Doc. 4 at 1, 4. He claims that his criminal

conviction is void based on legal theories arising from the "sovereign citizen" movement. *See generally* Doc. 1. Plaintiff's objections are rooted in those same legal theories and do not address the report's reasoning. *See generally* Doc. 5. The report thoroughly explained that plaintiff's legal theories are without merit. Doc. 4 at 7–10. The court agrees and finds that plaintiff's objections are without merit too.

Having reviewed the report de novo and being satisfied that there is no error, the court overrules plaintiff's objections and accepts the report's findings and recommendations. The court sua sponte dismisses this case with prejudice for failure to state a claim upon which relief may be granted. *See Askew v. United States*, No. 22-10914, 2023 WL 1775656, at *1 & n.1 (5th Cir. Feb. 6, 2023) (per curiam) (unpublished) (affirming sua sponte dismissal on the grounds that the complaint, which was based on "sovereign citizen" arguments, was "entirely without merit"). Dismissal of this lawsuit shall not affect plaintiff's right to challenge his conviction through lawful means or to seek executive clemency through appropriate channels. Any pending motions are denied as moot.

*So ordered by the court on October 7, 2025.*

J. CAMPBELL BARKER
United States District Judge